48

CLEVELAND CLINIC *v.* SOMBRIO ET AL.

[Cite as Cleveland Clinic v. Sombrio, 6 Ohio Misc. 48.]

(No. 427957—Decided January 24, 1966.)

Akron Municipal Court.

*Mr. Joseph H. Kahn,* for plaintiff.
*Mr. E. F. Mooneyham,* for defendant.

VAN BERG, J.   The Cleveland Clinic, described in the petition as a corporation, sued for the balance due of $577.35 on an account.   A copy of the account attached to the petition contains numerous items over a period of about a year, many items being listed simply as "professional service" rendered by specific doctors.

The defendant moves to strike one item only, which if set out without abbreviation would be, "7-9-63 Operation 12375 47 Doctor Hamby $600.00," upon the ground that "it represents a charge for professional service, constituting the practice of medicine, which a corporation is not authorized to perform in the state of Ohio."

Defendants' brief refers to Section 1701.03, Revised Code, prohibiting the practice of a profession by a corporation, and cites *State, ex rel. Green*, v. *Brown* (1964), 176 Ohio St. 155, in which it was determined that a corporation could not be chartered to practice law. In that case the Ohio Supreme Court reached the same result as in the 1962 case of *Green* v. *Brown*, 173 Ohio St. 114, construing the effect of Section 1785.01, *et seq.*, Revised Code, as the same relate to corporate practice of law.

The *Green* v. *Brown cases* do not strike down corporate practice of other professions. Their reasoning in brief is that admission to the practice of law is a function of the judicial branch of the government exercised in Ohio solely by the Ohio Supreme Court, and since that court by its rule has seen fit to license only natural persons, corporations may not practice law or be chartered to do so. In effect, the Supreme Court has said that the legislatvie branch of the government may not usurp a judicial prerogative.

With respect to the practice of medicine the situation is otherwise. The licensing of physicians is carried out by a state medical board established by and exercising powers conferred upon it by the General Assembly. The practice of medicine is, of course, one of the professions—anciently limited to the law, medicine, and the clergy—and it may very well be that the practice of any profession by a corporation or other artificial entity was repugnant to the common law. But this court is unable to say that the legislative branch, whose authority to control by general law the whole field of medical practice seems unquestioned, may not authorize one or more licensed physicians to organize a corporation to engage in corporate form in the group practice of medicine, as provided for by Chapter 1785, Revised Code.

Therefore, the motion must be overruled.

*Motion overruled.*